## Steele | Hansmeier, PLLC
*A leading anti-piracy law firm*

July 13, 2011

**VIA U.S. MAIL**
Liuxia Wong
1180 Mahogany CT
Fairfield, CA 94553

    Re:    *Hard Drive Productions v. Does 1-48*
           *Case No. 3:11-cv-01957-JCS, Ref #5702*

Dear Ms. Wong:

Steele | Hansmeier, PLLC has been retained by Hard Drive Productions Inc. to pursue legal action against people who illegally downloaded their copyrighted content (i.e., "digital pirates"). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On March 28, 2011 at 12:33:00 PM (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

    **Amateur Allure - Jen**

    The ISP you were connected to: Comcast Cable

    Your IP Address you were assigned during your illegal activity: 76.126.48.155

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On April 22, 2011 we filed a lawsuit in United States Federal Court in the Northern District of California against several anonymous digital pirates (Case No. 3:11-cv-01957-JCS). Under the Federal Rules of Civil Procedure, our lawsuit against you personally will not commence until we serve you with a Complaint, which we are prepared to do if our settlement efforts fail. While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

**Exhibit A**

Under the Copyright Law of the United States, copyright owners may recover up to $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, whereas here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, on December 22, 2010, a case in which a defendant was accused of illegally downloading 6 works via BitTorrent, a settlement was reached for $250,000.

In light of these factors, we believe that providing you with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts, is very reasonable and in good faith.

In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named Defendant in our lawsuit, our firm is authorized to accept the sum of **$3,400.00** as full settlement for the claims. This offer will expire on **July 27, 2011 at 4:00 p.m. CST**. If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.

To reiterate: if you act promptly you will avoid being named as a Defendant in the lawsuit. You may pay the settlement amount by:

(a) Mailing a check or money order payable to "Steele Hansmeier Trust Account" to Steele | Hansmeier, PLLC, 161 N Clark Street #4700, Chicago, Illinois 60601; or

(b) Completing and mailing/faxing the payment authorization to Steele | Hansmeier, PLLC, 161 N Clark Street #4700, Chicago, Illinois 60601, Facsimile: (312) 893-5677.

Be sure to reference your case number and your "Ref#" on your method of payment. Regardless of your payment method, once we have processed the settlement, we will mail you your signed Release as confirmation that your payment has been processed and that you have been released from the lawsuit.

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney.

<u>We strongly encourage you to consult with an attorney to review your rights in connection with this matter</u>. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours and you should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied upon for a comprehensive analysis of our client's claim against you.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

Enclosed, please find a Frequently Asked Questions sheet, a payment authorization form and a sample of the Release that you will receive. We look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

John L. Steele
Attorney and Counselor at Law

Enclosures

## Steele | Hansmeier, PLLC
*An anti-piracy law firm*

### FREQUENTLY ASKED QUESTIONS

Q: Why did I receive this letter?

    A: You received this letter because copyright infringement involving your Internet account was detected by our agents.

Q: What are the benefits of settling?

    A: The benefits of settling include avoiding the time and expense of litigation and associated risks.

Q: Will I remain anonymous if I settle?

    A: Yes, you will remain anonymous if you settle.

Q: Has my privacy been violated?

    A: No. A copyright infringement was detected over the public Internet or a Peer-to-Peer (P2P) Network involving your internet connection.

Q: I haven't infringed on a copyright, why did I receive a notice?

    A: If you are unfamiliar with the content, we normally find that the infringement was the result of a spouse, child, roommate, employee, or business associate uploading, downloading or otherwise sharing or displaying the copyright protected material over your internet connection. Infringements can also result from an unsecured wireless network. In any of these scenarios the Internet Service Provider (ISP) account holder may be held legally responsible for the infringement(s) and settlement fees.

Q: What if I have an unsecured wireless network/router?

    A: The Internet Service Provider (ISP) account holder is responsible for securing the connection and may be legally responsible for any infringement(s) that result from an unsecured wireless network/router. This 'defense' has been raised in many criminal matters regarding such crimes as child pornography, and the courts have generally rejected this defense. As far as we are aware, this defense has never been successfully argued, in multiple contexts, including child pornography and civil copyright infringements actions.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

Q: What if I own a business and an employee infringed on a copyright?

A: The Internet Service Provider (ISP) account holder may be responsible for securing the connection and may be legally responsible for any infringement(s) that occur. We normally find that business owners pass on out-of-pocket costs to the employee that was responsible for the infringement(s).

Q: Will this go away if I just remove the file(s) from my computer(s)?

A: No. In fact, removing the file(s) associated with your case(s) is a breach of your obligation to preserve electronic evidence.

Q: How do I know that the IP Address listed in the notice is mine and not a fake?

A: The notice, IP Address, and associated account holder have all been correlated by your Internet Service Provider (ISP) a third party organization that is not associated with us.

Q: How do I make this go away?

A: Paying the settlement fee will immediately release you from liability and close the case.

Q: How do I know that you are legally authorized act on behalf of the copyright owner?

A: If you wish to receive additional information proving that we are legally authorized to act on behalf of the copyright owner(s) please contact us.

Q: Do I need to hire an attorney?

A: The decision to hire an attorney is completely up to you. We cannot give you legal advice, but speaking with an attorney is generally highly advisable. In some cases the settlement offered by us is significantly lower than the costs associated with hiring an attorney.

Q: Why are copyright lawsuits normally filed?

A: Copyright owners file lawsuits because they have no other way to recover revenues lost to digital piracy.

*Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408*

# Steele | Hansmeier, PLLC
*An anti-piracy law firm*

## PAYMENT AUTHORIZATION

I hereby authorize Steele | Hansmeier, PLLC to withdraw funds from the bank account or credit card listed below for the settlement amount and legal issue referred to on my Release and herein below.

**Case Name and Ref#:** _____

### PAYOR INFORMATION

**Payor's Name:** _____

**Billing Address:** _____
_____

**Telephone Number:** _____

**Signature:** _____  **Date:** _____

### PAYMENT INFORMATION

**Payment amount:** $_____

**Name on Bank Account / Credit Card:** _____

**If paying via bank account:**

**Type of Account:** Checking / Savings

**Routing Number:** _____  **Account Number:** _____

**If paying via credit card:**

**Card Number:** _____  **Exp. Date:** _____

**Card Type:**  ☐ Master Card  ☐ Visa  ☐ AmEx  ☐ Discover

**CID Number:** _____ (this is the last three digits on the back of your Master Card, Visa, or Discover Card, or the four digit number in the upper right corner on the front of your AmEx)

---

Fax or mail this authorization to:

Steele | Hansmeier, PLLC.
161 N. Clark Street, Suite 4700
Chicago, IL 60601
Fax: (312) 893-5677

Fax: 312.893.5677  |  161 N. Clark St. 4700, Chicago, IL 60601  |  Tel: 312.880.9160
www.wefightpiracy.com

# RELEASE

Company: Hard Drive Productions Inc.
IN RE: *Hard Drive Productions v. Does 1-48*, Case No. 3:11-cv-01957-JCS

Settlement Purposes Only - Inadmissible Under FRE 408

    BE IT KNOWN, that Steele | Hansmeier, PLLC. on behalf of the Company named above, (hereinafter referred to as "Releasor"), for and in consideration of the sum of Three Thousand Four Hundred ($3,400.00) Dollars, and other valuable consideration received from or on behalf of _____, (hereinafter referred to as "Releasee"), provided that Releasee's payment in full in the amount of $3,400.00 is received by Releasor within seven calendar days from the date of this release and such payment is made with no chargebacks, cancellations or revocations, does hereby remise, release, acquit, satisfy, and forever discharge the said Releasee, of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims, and demands regarding the lawsuit referred to as *Hard Drive Productions v. Does 1-48*, Case No. 3:11-cv-01957-JCS, or any claim related to any act Releasor alleges that Releasee may or may not have done, which said Releasor ever had, now has, or which any personal representative, successor, heir or assign of said Releasor, hereafter can, shall or may have, against said Releasee, by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this instrument. In consideration for foregoing release and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Releasee hereby releases Releasor, Steele | Hansmeier, PLLC., Media Copyright Group, LLC., and the owners and operators of the foregoing entities from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands arising from or relating to the aforementioned lawsuit or any claim related to any act Releasee alleges that Releasor may or may not have done, which said Releasee ever had, now has, or which any heir, successor or assign of Releasee can, shall or may have against Releasor. Releasor and Releasee both agree that the terms of this agreement shall forever remain confidential, and both parties agree that they shall not discuss this agreement. Releasor specifically agrees to not disclose information it may have regarding Releasee, the litigation described herein, or any settlement discussions entered into between the parties unless ordered to do so by a valid court order or by permission of Releasee.

    Written and Executed this Wednesday, July 13, 2011.

"RELEASOR"

_____
John L. Steele, Esq.
Representative of Steele | Hansmeier, PLLC.
On behalf of Hard Drive Productions Inc.