Brett L. Gibbs, Esq. (SBN 215000)
Prenda Law Inc.
38 Miller avenue, #263
Mill Valley, CA  94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Defendant, Hard Drive Productions, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIUXIA WONG, | CASE NO. 5:12-CV-00469-HRL |
| Plaintiff, | |
| v. | NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT |
| HARD DRIVE PRODUCTIONS, INC., et al., | Judge: Hon. Howard R. Lloyd |
| Defendants. | Date: March 13, 2012 |
| | Time: 10:00 am |

### DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT

PLEASE TAKE NOTICE that on March 13, 2012, at 10:00 am Defendant, HARD DRIVE PRODUCTIONS ("Defendant" or "Hard Drive"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12 and other governing law, shall appear before the Honorable United States Magistrate Judge Howard R. Lloyd  at the San Jose Courthouse, Courtroom 2 – 5th Floor located at 280 South 1st Street, San Jose, CA 95113 and present its Motion to Dismiss Plaintiff, LIUXIA  WONG's, Amended Complaint ("Complaint"), and supporting its Motion Defendant states as follows:

### BACKGROUND

On November 21, 2011, Hard Drive filed a Complaint in this District captioned *Hard Drive Productions, Inc. v. John Doe,* Case No. 11-CV-5630 (the "*Hard Drive*" Case).  In it, Plaintiff alleged that an anonymous copyright infringer, associated with an Internet Protocol ("IP") address

MOTION TO DISMISS AMENDED COMPLAINT          5:12-cv-00469-HRL

set forth in the Complaint, infringed copyrighted material owned by Hard Drive.  Hard Drive further alleged that "Because the relationship between an [IP] account holder and infringer can be imperfect, [Hard Drive] now files this action to complete its investigation into the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of [Hard Drive's] copyright."  (*Hard Drive* Case Dkt. #1 at ¶¶ 1, 2.)  In the Complaint, Hard Drive identified Plaintiff, Liuxia Wong, as the account holder associated with the IP address, but did not allege that she infringed the copyright.  (*Id.*)  Instead, in its Complaint Hard Drive stated that Ms. Wong was not likely to be the infringer simply by virtue of being the account holder. (*Id.*)

On January 6, 2012, Hard Drive filed an *Ex Parte Petition for Leave to Take Expedited Discovery to Identify John Doe* seeking the Court's leave to issue a deposition subpoena to account holder Liuxia Wong.  (*Hard Drive* Dkt. #9.)  In that petition Hard Drive affirmatively stated it was unaware of who the infringer was. (*Id.*)  Hard Drive required a deposition subpoena because Ms. Wong's counsel had adopted a tactic of attempting to avoid all of Plaintiff's attempts to confer in this matter—ostensibly hoping that the matter would fade over time. The Court granted that petition on January 18, 2012, and Hard Drive subsequently issued a notice for Plaintiff to appear for a deposition on February 14, 2012.  The *Hard Drive* Case case is now pending before Judge Yvonne Gonzalez Rogers.

Shortly after that deposition notice issued, Plaintiff on January 30, 2012 filed a Complaint, and on February 3, 2012 filed an Amended Complaint against Defendant and "Does 1-50."   In it, Plaintiff seeks, among other things, a declaratory judgment that she is not liable to Hard Drive for copyright infringement—a matter that is not even in dispute as Hard Drive believes a member of Ms. Wong's household is the likely infringer.

The Court should dismiss the Amended Complaint (referred to hereinafter as the "Complaint") for three, independent reasons.  *First,* Plaintiff has failed to allege facts suggesting that venue in this Court is proper.  *Second,* there is no case or controversy at issue in this litigation because no party has alleged that Plaintiff has infringed a copyright.  In fact, Plaintiff's counsel claims that she is not the "John Doe" infringer in the *Hard Drive* Case, and at this point, Hard Drive

1  has only asked to depose her in order to identify the actual infringer.  *Third,* even if this Court does
2  not dismiss the Complaint on other grounds, Plaintiff has the opportunity to seek declaratory
3  judgment and other relief if she is named as the defendant in the *Hard Drive* Case, which Hard Drive
4  filed before this case.  Under Federal procedural law, the Court should dismiss this second-filed case
5  regarding Hard Drive's copyright.

6  **ARGUMENT**

7  The legal standard governing motions to dismiss is:

8  [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it
9  demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A
10  pleading that offers labels and conclusions or a formulaic recitation of the elements of a
11  cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid
12  of further factual enhancement.

13  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
14  as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility
15  when the plaintiff pleads factual content that allows the court to draw the reasonable
16  inference that the defendant is liable for the misconduct alleged. . . .

17  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotations and citations omitted). As
18  detailed below, the Complaint here falls well short of meeting this standard.

19  **I.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF HAS FAILED TO ALLEGE FACTS SUGGESTING THAT**
20  **THIS IS THE PROPER VENUE**

21  Plaintiff affirmatively alleges that venue is proper in the U.S. District Court for the Eastern
22  District of California, but she inexplicably failed to file in that district, and further failed to allege
23  facts sufficient to show that venue is proper in the U.S. District Court for the Northern District of
24  California.

25  Venue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a),
26  which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in
27  which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).  Section 1400(a)

28

MOTION TO DISMISS AMENDED COMPLAINT          Case No. 5:12-CV-00469-HRL

1   thus requires that every single defendant can be "found here" in order for venue to be proper in this

2   Court. The Ninth Circuit interprets this statutory provision to allow venue in any judicial district in

3   which the defendant would be amenable to personal jurisdiction if the district were a separate state.

4   *Brayton Purcell LLP v. Recordon & Recordon,* 575 F.3d 981(9th Cir. 2009).

5        Plaintiff has failed to allege facts sufficient to establish that venue for this declaratory

6   judgment action is proper in this Court.  Indeed, Plaintiff admits in the Complaint that "Venue is

7   proper in the **Eastern District** of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive

8   has claimed that plaintiff infringed its purported copyrighted work by downloading such works

9   where she resides."  (Dkt. #4 at ¶12 (emphasis added).)  While Plaintiff asserts that venue is also

10   proper in the Northern District of California because "Hard Drive has consented to the jursidiction of

11   this court by filing action number 4:11-cv-05630-RS in this district and by its conduct which has

12   created an actual and continuing controversy such that the court needs to declare the rights and other

13   legal relations of plaintiff who is seeking such declarations from the court" (*id.* at ¶ 13), that is not a

14   basis for venue set forth in Section 1400(a) of the Copyright Act.  The Court should therefore

15   dismiss the Complaint because Plaintiff has failed to allege facts suggesting that this is the proper

16   venue.

17        **II.     THIS CASE FAILS TO IDENTIFY A CLAIM OR CONTROVERSY.**

18        The Court should also dismiss the Complaint because the Complaint fails to identify a claim

19   or controversy.  Plaintiff claims that she did not infringe Hard Drive's copyright; and Hard Drive has

20   not alleged that she has done so.  Because there is no claim or controversy at issue, this Court lacks

21   subject matter jurisdiction and should dismiss the Complaint.

22        Specifically, Plaintiff alleges that "she was prepared to execute a declaration under penalty of

23   perjury that: (1) she did not download the movie [referenced in this litigation], and (2) she did not

24   tell anyone else to download the movie for her, and (3) she did not know anyone else was using her

25   computer or network equipment to download the movie."  (*Dkt.* #4 at ¶72.)

26        And Hard Drive has not alleged that she infringed on its copyright.  In the *Hard Drive* Case,

27   Hard Drive alleges copyright infringement on the parts of an individual, and several coconspirators

28

of that individual, whose identities it presently does not know. Hard Drive alleged that it seeks to learn the identity of one individual associated with a specific IP address, who infringed on its copyright. (*Hard Drive* Case Dkt. #1, ¶1.) Hard Drive did not name Plaintiff, who admits that she owns the IP address, as the Defendant in the *Hard Drive* Case. Indeed, Hard Drive's only request to date to the Court in the *Hard Drive* case relating to Plaintiff is to allow for her deposition, which the Court has granted Hard Drive leave to do.

Finally, in the communications that Hard Drive's counsel did have with Plaintiff's counsel, Hard Drive's counsel made it abundantly clear that Hard Drive did not believe that Ms. Wong, in light of the nature of Hard Drive's content, was plausibly the infringer. (Exhibit A, Declaration of Brett L. Gibbs at ¶¶ 2,3.) Instead, Hard Drive indicated to Plaintiff's counsel that it believed that a member of Ms. Wong's household or a guest/tenant was the likely infringer. (*Id.*) This is why Plaintiff's offer of a declaration of innocence had no relevance to Hard Drive's position in this case and why Ms. Wong's innocence is not a matter of controversy between Hard Drive and Ms. Wong.

It is beyond argument that under Article III of the U.S. Constitution, Federal Courts only have jurisdiction over actual cases or controversies, and that Federal Courts will not render advisory opinions. *See, e.g.,Cohens v. Virginia*, 19 U.S. 264, 399-402 (1821); *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968). Neither Plaintiff nor Defendant Hard Drive has alleged that Plaintiff infringed the copyright at issue in this litigation. Because this issue is not in dispute, there is presently no case or controversy, and the Court should dismiss the Complaint.

## III. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE *HARD DRIVE* CASE IS FIRST-FILED AND ALREADY PENDING.

The Court should also dismiss the Complaint because, even if there were a case or controversy at issue in this matter (which there is not), they are already the subject of litigation in the *Hard Drive* Case, which was the first-filed of the two.

A district court has authority to dismiss a lawsuit "for reasons of wise judicial administration," where as here "it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Anderson & Co.,* 3 F.3d 331 (7th Cir. 1997) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1213 (N.D. Ill. 1983).)

1     Under this "First-Filed"doctrine, an action filed and pending in one jurisdiction should be given

2     precedence over a parallel cause of action involving the same facts and parties filed later, absent

3     countervailing "special factors" that do not appear in this case. *Id.; see also Northwest Airlines, Inc.*

4     *v. American Airlines, Inc.,* 989 F.2d 1002, 1008 (8th Cir. 1993) (where proceedings involving the

5     same parties and issues are pending simultaneously in different federal courts, the first-filed of the

6     two takes priority).  The purpose of this doctrine is to preserve judicial resources and avoid

7     conflicting rulings; it "gives priority, for purposes of choosing among possible venues when parallel

8     litigation has been instituted in separate courts,  to the party who first establishes jurisdiction." *Id.*

9     (citation omitted).

10          Two actions are considered to be parallel if they involve substantially the same parties and

11    the same issues, filed in different courts.  Such actions are duplicative if the "claims, parties and

12    available relief do not significantly differ between the two actions." *Ridge Gold,* 572 F.Supp. at

13    1213 (citation omitted).  And where the actions are duplicative, the priority should go to the suit

14    filed first. *See, e.g., Martin v. Graybar Elec. Co.,*266 F.2d 202, 204 (7th Cir. 1959) ("Two

15    simultaneously pending lawsuits involving identical issues and between the same parties … is

16    certainly anything but conducive to the orderly administration of justice.  We believe that it is

17    important that there be a single determination of a controversy between the same litigants and,

18    therefore, a party who first brings [an] issue into a court of competent jurisdiction should be free

19    from vexation of concurrent litigation over the same subject matter…")

20          As set forth above, neither Plaintiff nor Hard Drive has alleged that Plaintiff infringed upon

21    Hard Drive's copyright. As such the Court lacks subject matter jurisdiction, and will only have

22    jurisdiction if Hard Drive ultimately names Plaintiff as the John Doe defendant in the *Hard Drive*

23    Case.  In that event, the *Hard Drive* Case and this case will clearly be duplicative, involving the

24    same claims, parties and available relief.  For that reason, if the Court does not dismiss the

25    Complaint for lack of subject matter jurisdiction, it should dismiss the Complaint because it is

26    duplicative of the first-filed *Hard Drive* Case.

27    *///*

28

MOTION TO DISMISS AMENDED COMPLAINT        Case No. 5:12-CV-00469-HRL

1

## CONCLUSION

2    WHEREFORE, for all of the foregoing reasons, Defendant Hard Drive Productions, Inc.

3  respectfully requests that this Court grant its MOTION TO DISMISS AMENDED COMPLAINT,

4  and grant it any and all further relief that this Court deems to be reasonable and appropriate.

5

6

7

8

9

10

11

12                                        Respectfully Submitted,

13                                        PRENDA LAW INC.,

14  **DATED: February 5, 2012**

15                              By:        ____/s/ Brett L. Gibbs, Esq._____

16                                        Brett L. Gibbs, Esq. (SBN 251000)
                                          Prenda Law Inc..
17                                        38 Miller Avenue, #263
                                          Mill Valley, CA 94941
18                                        blgibbs@wefightpiracy.com
                                          *Attorney    for    Defendant,    Hard    Drive*
19                                        *Productions, Inc.*

20

21

22

23

24

25

26

27

28
                                          7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 5, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s Brett Gibbs

MOTION TO DISMISS AMENDED COMPLAINT          Case No. 5:12-CV-00469-HRL