1  Aaron K. McClellan - 197185
   amcclellan@mpbf.com
2  Steven W. Yuen - 230768
   syuen@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
5  Fax:    (415) 393-8087

6  Attorneys for Plaintiff
   LIUXIA WONG
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11 LIUXIA WONG,                          Case No.:  C 12-00469 HRL

12         Plaintiff,                    **PLAINTIFF LIUXIA WONG'S OPPOSITION
                                         TO DEFENDANT HARD DRIVE
13 v.                                    PRODUCTIONS, INC.'S MOTION TO
                                         DISMISS**
14 HARD DRIVE PRODUCTIONS, INC., AND
   DOES 1-50,                            Date:      March 13, 2012
15                                       Time:      10:00 a.m.
         Defendants.                     Judge:     Hon. Howard R. Lloyd
16                                       Courtroom: 2, 5th Floor
                                         File Date: January 30, 2012
17                                       Trial Date: None

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LIUXIA WONG'S OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S MOTION TO
DISMISS
C 11-05630 YGR

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 2

    A. STATEMENT OF FACTS ...................................................................... 2

    B. LEGAL ARGUMENT ............................................................................ 3

        1. Venue is Proper in the Northern District of California ...................... 3

            a. Hard Drive Judicially Admitted that Venue is Proper in
               the Northern District of California ............................................. 4

            b. Hard Drive is Judicially Estopped from Arguing that Venue is
               Improper in the Northern District of California ......................... 5

        2. An Actual Case and Controversy Exists Between Mrs. Wong and
           Hard Drive .......................................................................................... 6

            a. The Declaratory Judgment Act ................................................. 6

            b. An Actual Case and Controversy Exists between Mrs. Wong and
               Hard Drive Due to Hard Drive's Threat of a Lawsuit, its Position
               that Mrs. Wong is Liable to it, and its January 18, 2012 Settlement
               Demand for $3,000 ................................................................... 8

            c. An Actual Case and Controversy Would Still Exist between
               Mrs. Wong and Hard Drive Even if it Promised Not to Sue Her .......... 9

            d. Hard Drive's First-Filed Action Argument is Meritless ...................... 10

               (1) Hard Drive is Judicially Estopped from Arguing that
                   Mrs. Wong's Action is Duplicative of its Prior Filed
                   Action Due to its Judicial Admissions that the Cases
                   are Not Related ......................................................... 10

               (2) Hard Drive Failed to Submit Binding Authority in Support
                   of its First-Filed Action Argument ........................... 10

III. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

## Cases

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth
(1937) 300 U.S. 227 ................................................................................................................ 7

American Title Ins. Co. v. Lacelaw Corp.
(9th Cir. 1988) 861 F.2d 224 .................................................................................................. 4

Ashcroft v. Iqbal
(2009) 556 U.S. 662, 129 S.Ct. 1937 ..................................................................................... 6

Brayton Purcell LLP v. Recordon & Recordon
(9th Cir. 2009) 575 F.3d 981 .................................................................................................. 3

Brayton Purcell LLP v. Recordon & Recordon
(9th Cir. 2010) 606 F.3d 1124 ........................................................................................... 3, 8

Camreta v. Greene
(2011) 131 S.Ct. 2020 .......................................................................................................... 10

Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings Coll. of the Law,
aka Hastings Christian Fellowship v. Martinez
(2010) 130 S.Ct. 2971 ............................................................................................................ 4

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.
(9th Cir. 1989) 896 F.2d 1542 ........................................................................................... 3, 6

Hart v. Massanari (2001)
266 F.3d 1155 ....................................................................................................................... 10

International Harvester Co. v. Deere & Co.
(7th Cir.1980) 623 F.2d 1207 ................................................................................................. 6

Martin v. Graybar Elec. Co.
(7th Cir. 1959) 266 F.2d 202 ................................................................................................ 11

Massa v. Jiffy Products Co.
(9th Cir. 1957) 240 F.2d 702 .................................................................................................. 7

Neirbo Co. v. Bethlehem Shipbuilding Corp.
(1939) 308 U.S. 165, ............................................................................................................... 5

Northwest Airlines, Inc. v. American Airlines, Inc.
(8th Cir. 1993) 989 F.2d 1002 .............................................................................................. 11

Public Serv. Comm'n of Utah v. Wycoff Co., Inc.
(1952) 344 U.S. 237 ................................................................................................................ 7

Rissetto v. Plumbers & Steamfitters Local 343
(9th Cir. 1996) 94 F.3d 597 .................................................................................................... 5

1

2

**TABLE OF AUTHORITIES**

3

**Page**

4

**Cases (Continued)**

5

SanDisk Corp. v. STMicroelectronics, Inc.
(Fed. Cir. 2007) 480 F.3d 1372 ............................................................................................ 9

Serlin v. Arthur Andersen & Co.
(7th Cir. 1993) 3 F.3d 221 .................................................................................................. 10

Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.
(N.D. Ill. 1983) 572 F.Supp. 1210 ..................................................................................... 10

Skelly Oil Co. v. Phillips Petroleum Co.
(1950) 339 U.S. 667 .............................................................................................................. 7

Smith-Corona Marchant Inc. v. American Photocopy Equipment Co.
(S.D.N.Y. 1962) 214 F.Supp. 348 ........................................................................................ 7

Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.
(9th Cir. 1981) 655 F.2d 938 ................................................................................................. 6

State of Ariz. v. Shamrock Foods Co.
(9th Cir.1984) 729 F.2d 1208 ............................................................................................... 5

Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.
(1982) 454 U.S. 464 .............................................................................................................. 6

6

7

8

9

10

11

12

13

14

15

16

**Statutes**

17

Federal Rules of Civil Procedure
12(b)(3) ................................................................................................................................. 1
12(b)(6) ................................................................................................................................. 3

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

Defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") brings its meritless Federal Rule of Civil Procedure 12 motion to dismiss based upon:  (1) improper venue[1] despite Hard Drive's judicial admission that venue is proper in this district; (2) its argument that no case or controversy exists despite Hard Drive's threats of a lawsuit, prior notice of litigation towards plaintiff Liuxia Wong, and its January 18, 2012 settlement demand of $3,000 to her; and (3) the fact that this action is duplicative of Hard Drive's action number C11-05630-YGR despite Hard Drive's concession that Mrs. Wong is not named in that action.

Mrs. Wong respectfully requests the court to dismiss Hard Drive's motion to dismiss in its entirety as Hard Drive failed to controvert the allegations in her first amended complaint.  Specifically, Hard Drive failed to controvert that it:  (1) threatened a lawsuit against Mrs. Wong; (2) gave notice to her that its position was that she was liable for copyright infringement; (3) notified her to preserve all evidence else face spoliation sanctions; and (4) demanded a $3,000 settlement from her on January 18, 2012.  All of these facts show that a justiciable controversy exists between Mrs. Wong and Hard Drive.

# II.     MEMORANDUM OF POINTS AND AUTHORITIES

## A.     STATEMENT OF FACTS

Hard Drive first voluntarily brought an action against 48 Doe defendants in action number C 11-01957 JCS in this district (hereafter "prior action").  (Exhibit B at 1:6-8 to the Declaration of Steven W. Yuen (hereafter "Yuen Decl.")  In this prior action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur Allure – Jen was being infringed.  (Exhibit B at 4:11-14 (¶ 7) & 7:23-8:20 (¶¶ 25-31).)  Hard Drive judicially admitted the fact that all Doe defendants resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims.  (Id., at 2:23-24 (¶ 4).)  Hard Drive judicially admitted facts giving rise to support its claims to join all 48 Doe defendants in this district.  (Id., at 2:26-3:15 (¶ 5).)  Hard Drive further notified the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work at issue.  (Id., at 3:15-17 (¶ 5).)

---

[1] Mrs. Wong presumes that Hard Drive is bringing its motion pursuant to Rule 12(b)(3) for improper venue since its moving papers failed to cite the specific subdivision.

After filing its prior action, Hard Drive then applied ex parte for expedited discovery prior to the initial conference to discover the Doe defendants' actual names that corresponded to each IP address.  (Exhibit C at 1:1-7 & 2:12-15.)  In its ex parte application, Hard Drive represented to the court that the Doe defendants committed infringement under the cover of Internet Protocol (hereafter "IP") addresses as opposed to using their actual names.  (Id., at 1:18-20.)  Hard Drive next represented to the court that that only way that it could determine the defendants' actual names is if authorized discovery upon the defendants' internet service providers (hereafter "ISP").  (Id., at 1:26-2:1.)  Hard Drive finally represented to the court that once it had each defendants' contact information, "the **defendant** will be contacted and **formally named in the suit, service will be effectuated**, and the case will be allowed to proceed as usual."  (Id., at 2:18-21.)  Hard Drive again notified the court that the issue of whether it was the exclusive rights holder of the adult pornographic purported copyrighted work was "at issue" in the action.  (Id., at 18:12-16.)

In support of its ex parte application for expedited discovery, Hard Drive submitted the declaration of Peter Hansmeier.  (Exhibit D.)  In his declaration, Mr. Hansmeier declared under penalty of perjury that he personally observed the swarms comprised of hundreds of users that were distributing Hard Drive's adult pornographic work.  (Id., at 5:4-7 (¶ 10).)  He further declared that his company's proprietary software was effective in capturing granular-level data about each defendants' infringing conduct to ensure that the information gathered for each Doe defendant was accurate.  (Id., at 5:23-27 (¶ 12).)  He finally declared that he was able to observe each defendants' infringing activity through his proprietary forensic software.  (Id., at 6:16-17 & 6:20-22 (¶ 15).)

Based upon Hard Drive's ex parte application to the court, including the representations made therein and the supporting declaration of Mr. Hansmeier, the court granted its request for expedited discovery.  (Exhibit E at 1:17-27.)

After receiving Liuxia Wong's contact information, Hard Drive transmitted a July 13, 2011 letter to her demanding $3,400 to settle the case.  (Exhibit A at Exhibit A & 6:20-7:25 (¶¶ 46-55).)  It is Hard Drive's position that Mrs. Wong is vicariously liable for all infringing conduct occurring through her ISP account.  (Exhibit A at Exhibit A, p.4, ¶ 10 & Exhibit B, p.3, ¶ 5.)  Hard Drive further gave notice to Mrs. Wong that was prepared to commence its lawsuit against her.  (Exhibit A at

1  Exhibit A, p.1, ¶ 5 & 6:23:14 (¶¶ 46-52).) In response, Mrs. Wong denied all liability alleged in the

2  prior actions' complaint.  (Exhibit A at 8:1-2 (¶ 57).)  Hard Drive then dismissed its prior action.

3  (Exhibit A at 8:5-6 (¶ 59); and Action number C 11-01957 JCS, docket 13.)

4       Hard Drive then filed on November 21, 2011 action number C 11-05630 YGR (hereafter

5  "present action").  (Exhibit A at 8:17-20 (¶ 63); and Action number C 11-05630 YGR, docket 1.)  In its

6  present action, Hard Drive again judicially admitted the fact that Mrs. Wong resided in this district.

7  (Exhibit A at 9:5-6 (¶ 66).)  On December 5, 2011, Hard Drive transmitted a warning letter to

8  Mrs. Wong to preserve all evidence else she be subject to spoliation sanctions.  (Exhibit G at pp. 1-2.)

9       Based on its ex parte application for expedited discovery, Hard Drive then obtained an order

10  from the court to depose Mrs. Wong.  (Exhibit A at 9:19-20 (¶ 70).)  Hard Drive then demanded a

11  $3,000 settlement from Mrs. Wong in order for her to avoid her "costly deposition."  (Exhibit A at

12  Exhibit D & 10:13-14 (¶ 77).)

13  **B.    LEGAL ARGUMENT**

14       **1.    Venue is Proper in the Northern District of California**

15       Hard Drive's citation to <u>Brayton Purcell LLP v. Recordon & Recordon</u> (9th Cir. 2009)

16  575 F.3d 981 is inappropriate as it has been superseded by the court's later decision.[2]  Furthermore, the

17  later decided case supports Mrs. Wong's position that venue is proper in this district.  Specifically, "in

18  the absence of an evidentiary hearing, the plaintiff need only make "a prima facie showing of

19  jurisdictional facts to withstand the motion to dismiss."  (<u>Brayton Purcell LLP</u>, 606 F.3d at 1127,

20  citation omitted.)  In such a case, "uncontroverted allegations in [plaintiff's] complaint must be taken

21  as true, and conflicts between the facts contained in the parties' affidavits must be resolved in

22  [plaintiff's] favor."  (<u>Id.</u>, citations omitted.)  Moreover, the court may consider material which is

23  properly submitted as part of the complaint may be considered.  (<u>Hal Roach Studios, Inc. v. Richard</u>

24  <u>Feiner and Co., Inc.</u> (9th Cir. 1989) 896 F.2d 1542, 1555, fn. 19, citation omitted—court properly

25  considered assignment attached as exhibit to counterclaim in ruling on a Rule 12(b)(6) motion.)

26

27  [2]  See <u>Brayton Purcell LLP v. Recordon & Recordon</u> (9th Cir. 2010) 606 F.3d 1124, 1126—"The
    Opinion filed August 5, 2009, and published at 575 F.3d 981 (9th Cir.2009), is hereby withdrawn and

28  superceded by the Opinion filed concurrently herewith."

1       Here, Hard Drive failed to submit any evidence to controvert any of the allegations, which are

2   deemed true, in Mrs. Wong's first amended complaint which gives rise to venue in this district.

3   Mrs. Wong's complaint alleges that venue is proper in this district as Hard Drive has consented to the

4   venue of this court by filing its prior action and present action for infringement of the same purported

5   copyrighted adult pornographic work.  (Exhibit B at 1:6-8, 2:23-3:15 (¶¶ 4-5), 4:11-14 (¶ 7) & 7:23-

6   8:20 (¶¶ 25-31).)  As discussed in detail hereafter, the doctrine of judicial estoppel also precludes Hard

7   Drive from arguing that venue is improper due to its prior judicial admissions that venue was and is

8   proper in this district.  The court should not allow Hard Drive to play fast and loose with the court in

9   its attempt to try to dismiss this case now.

10           a.      **Hard Drive Judicially Admitted that Venue is Proper in the Northern**
                       **District of California**

11

12       "[A]dmissions in the pleadings are generally binding on the parties and the Court."  (<u>American</u>

13   <u>Title Ins. Co. v. Lacelaw Corp.</u> (9th Cir. 1988) 861 F.2d 224, 226, citation omitted.)  "Judicial

14   admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from

15   issue and dispensing wholly with the need for proof of the fact."  (<u>Id.</u>)  Indeed, such a judicial

16   admission "is conclusive in the case."  (<u>Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings</u>

17   <u>Coll. of the Law, aka Hastings Christian Fellowship v. Martinez</u> (2010) 130 S.Ct. 2971, 2983.)

18       In its prior action, Hard Drive judicially admitted the fact that all Doe defendants resided in this

19   district, may be found in this district, and/or committed acts in this district giving rise to its claims.

20   (Exhibit B, at 2:23-24 (¶ 4).)  Hard Drive judicially admitted facts giving rise to support its claims to

21   join all 48 Doe defendants in this district.  (Id., at 2:26-3:15 (¶ 5).)  Hard Drive further notified the

22   court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work

23   at issue.  (Id., at 3:15-17 (¶ 5).)  Likewise in its present action, Hard Drive again judicially admitted the

24   fact that Mrs. Wong resided in this district.  (Exhibit A at 9:5-6 (¶ 66).)

25       Hard Drive's argument that Mrs. Wong claims that venue is likewise proper in the Eastern

26   District is irrelevant for her action.  This is because a copyright infringement defendant or a party who

27   is moving for a declaratory order of non-infringement, like Mrs. Wong, can always waive the

28   ///

1   affirmative defense of venue.  (See <u>Neirbo Co. v. Bethlehem Shipbuilding Corp.</u> (1939) 308 U.S. 165,

2   168.)  She has done so here by filing her declaratory relief action in this district.

3                    **b.      Hard Drive is Judicially Estopped from Arguing that Venue is Improper in
                              the Northern District of California**

4

5         "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent

6   positions, precludes a party from gaining an advantage by taking one position, and then seeking a

7   second advantage by taking an incompatible position."  (<u>Rissetto v. Plumbers & Steamfitters Local 343</u>

8   (9th Cir. 1996) 94 F.3d 597, 589 & 600, citations omitted—plaintiff who obtained favorable workers'

9   compensation settlement based on her assertion that she could not work was judicially estopped in

10  subsequent litigation from asserting she could work.)  The purpose of the doctrine is to effectuate the

11  orderly administration of justice, and to protect the integrity of the judicial process by prohibiting a

12  litigant from "playing fast and loose with the courts."  (<u>Id.</u>, at 601, citation omitted.)

13        Two versions of the doctrine exists in the Ninth Circuit.  (<u>Id.</u>, at 601.)  The majority view holds

14  that a party "who has obtained relief from an adversary by asserting and offering proof to support one

15  position may not be heard later in the same court to contradict himself in an effort to establish against

16  the same adversary a second claim inconsistent with his earlier contention."  (<u>Id.</u>; see also <u>State of</u>

17  <u>Ariz. v. Shamrock Foods Co.</u> (9th Cir.1984) 729 F.2d 1208, 1215—"use of inconsistent positions

18  would most flagrantly exemplify that playing 'fast and loose with the courts' which has been

19  emphasized as an evil the courts should not tolerate[,]" cert. denied, 469 U.S. 1197 (1985).)   In

20  contrast, the minority view holds that estoppel applies even if the party's prior advocacy of its position

21  was unsuccessful.  (<u>Rissetto</u>, 94 F.3d at 601, citation omitted.)

22        Here, the determination of whether the majority or minority view applies is irrelevant.  This is

23  because in both of Hard Drive's prior action and present action relating to the infringement by other

24  defendants and Mrs. Wong, it obtained relief from the court by judicially admitting that venue was and

25  is proper in this district.  (Exhibit A at 9:5-7 (¶ 66); and Exhibit B at 2:23-3:15 (¶¶ 4-5).)  Based on

26  these judicial admissions, Hard Drive then sought expedited ex parte discovery from the court.

27  (Exhibit A at 9:5-6 (¶ 66); and Exhibit C at 1:1-7 & 2:12-15.)  The court then granted Hard Drive's ex

28  parte applications for expedited discovery based upon its judicial admissions that venue was and is

proper in this district.  (Exhibit A at 9:19-20 (¶ 70); and Exhibit E at 1:17-27.)  As Hard Drive obtained two court orders granting expedited discovery based upon its prior judicial admissions that venue is proper in these cases, it is **judicially estopped** from contradicting itself now by arguing the inconsistent position that venue is improper.  Accordingly, Mrs. Wong respectfully requests the court to deny Hard Drive's motion to dismiss as venue is proper in this district.

**2.    An Actual Case and Controversy Exists between Mrs. Wong and Hard Drive**

Hard Drive concedes that the plausibility pleading standard enunciated by the Supreme Court in Ashcroft v. Iqbal (2009) 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 is controlling.  (Motion at 3:7-17.)  Hard Drive's next citation to Supreme Court cases on the general prohibition against issuing advisory opinions is inapplicable here.  (Motion at 5:14-17.)

This is because Hard Drive failed to controvert and blatantly ignored not only Mrs. Wong's allegations in her first amended complaint, but the documents authored by Hard Drive's agent evidencing the existence of an actual controversy.  (Exhibit A at Exhibits A to D; and Exhibit G.)

**a.    The Declaratory Judgment Act**

The purpose of the Declaratory Judgment Act is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never."  (Hal Roach Studios, Inc., 896 F.2d at 1555, citation omitted.)  Thus, an action for declaratory judgment involving the validity or infringement of a copyright presents a justiciable controversy.  (Id., at 1556 citing Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc. (9th Cir. 1981) 655 F.2d 938, 944-945—threat of suit by defendant for patent infringement established prima facie case or controversy, and International Harvester Co. v. Deere & Co. (7th Cir.1980) 623 F.2d 1207, 1211—plaintiff need not show that an actual charge of infringement has been made by defendant.)

Article III of the Constitution limits the power of federal courts to deciding cases and controversies by requiring the party who invokes the court's authority to "show that he personally has suffered some actual or **threatened injury** as a result of the **putatively illegal conduct of the defendant**[.]"  (Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc. (1982) 454 U.S. 464, 472, citation omitted, emphasis added.)  In order to establish a case or

controversy that gives rise to declaratory judgment jurisdiction, "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." (Public Serv. Comm'n of Utah v. Wycoff Co., Inc. (1952) 344 U.S. 237, 244.)  Thus, the case or controversy must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Aetna Life Ins. Co. of Hartford, Conn. v. Haworth (1937) 300 U.S. 227, 241, citations omitted.)

Accordingly, suits for declaratory judgments are not uncommon in the area of patents and copyrights.  If a defendant has threatened plaintiff with suit, a justiciable controversy is ordinarily present.  (Massa v. Jiffy Products Co. (9th Cir. 1957) 240 F.2d 702, 705—"Where the patent owner informs a customer of the alleged infringer that there is a violation of the owner's patent by the alleged infringer's manufacturing a certain item, **there is sufficient controversy to allow the manufacturer to file suit to have the patent declared invalid**[;]" see also Skelly Oil Co. v. Phillips Petroleum Co. (1950) 339 U.S. 667, 771-772—Declaratory Judgment Act allows relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement was pending.")  A justiciable controversy likewise exists even where **there has been no actual threat of suit, so long as defendant has notified plaintiff that defendant claims his copyright has been infringed**.  (Smith-Corona Marchant Inc. v. American Photocopy Equipment Co. (S.D.N.Y. 1962) 214 F.Supp. 348, 350.)

As discussed hereafter, not only did Hard Drive threaten suit against Mrs. Wong, it also provided notice of its position that she was absolutely and vicariously liable for infringement of Hard Drive's purported copyrighted work.  (Exhibit A at Exhibit A, p.1, ¶ 5 & Exhibits B-C.)  Further support of an actual controversy is evidenced in Hard Drive's notice to Mrs. Wong to preserve all evidence else face spoliation sanctions.  (Exhibit G at p.2, ¶ 1.)

///

///

///

b.   **An Actual Case and Controversy Exists between Mrs. Wong and Hard Drive Due to Hard Drive's Threat of a Lawsuit, its Position that Mrs. Wong is Liable to it, and its January 18, 2012 Settlement Demand for $3,000**

Here, the extrinsic evidence indisputably shows Hard Drive first threatened a lawsuit against Mrs. Wong for copyright infringement.  (Exhibit A at Exhibit A, p.1, ¶ 5.)  Hard Drive further provided notice to Mrs. Wong that she was liable for copyright infringement based merely upon the fact that infringement occurred through her ISP account.  (Exhibit A at Exhibit A, p.4, ¶ 10 & Exhibit B, p.3, ¶ 5.)  Hard Drive then notified Mrs. Wong to preserve all evidence else face spoliation sanctions.  (Exhibit G at p.2, ¶ 1.)

After filing its present action, Hard Drive demanded a $3,000 settlement from Mrs. Wong on January 18, 2012.  (Exhibit A at Exhibit D, ¶ 5.)  In order for Hard Drive to justify its settlement demand, only two scenarios can possibly exist.  The first scenario is that it is still Hard Drive's position that Mrs. Wong is liable for contributory copyright infringement based upon its erroneous theory of absolute or vicarious liability.[3]  (Exhibit A at Exhibit A, p.4, ¶ 10 & Exhibit B, p.3, ¶ 5.)  The second scenario is that it is Hard Drive's position that Mrs. Wong is not liable for infringement, yet it is still misusing its invalid copyright, in which it also sought a declaration from the court, to improperly extort a settlement from her.  (Exhibit A at 10:13-14 (¶ 77), 10:10-11:23 (¶¶ 80-92) & Exhibit D; and Exhibit B at 3:15-17.)  Either scenario, however, creates a justiciable controversy between Mrs. Wong and Hard Drive that involves the validity of its purported copyright to the adult pornographic work, and her claim of non-infringement.

Finally, Hard Drive failed to controvert any of the allegations in Mrs. Wong's first amended complaint which must be taken as true by the court.  (See Brayton Purcell LLP, 606 F.3d at 1127, citation omitted.)  Instead, all Hard Drive submits is a declaration from its counsel that it was his belief back in December 2011 that Mrs. Wong was not the actual infringer.  (Brett L. Gibbs Declaration at 2:23-3:3 (¶ 2).)  This declaration, however, fails to controvert any of the facts in Mrs. Wong's first amended complaint, including the issue of whether Hard Drive even has a valid copyright.  (Exhibit A

---

[3] Under this scenario, Mrs. Wong has alleged that Hard Drive purposely avoided naming her in its present action to obtain ex parte discovery on an expedited basis.  (Exhibit A at 9:21-24 (¶ 71).)  Hard Drive has not controverted this allegation.

1   at 10:20-11:23 (¶¶ 80-92); and Exhibit B at 3:15-17.)  First, this evidence does not eliminate Hard

2   Drive's position of absolute or vicarious liability against Mrs. Wong.  (Exhibit A at Exhibit A, p.4,

3   ¶ 10 & Exhibit B, p.3, ¶ 5.)  This evidence also does not eliminate Hard Drive's notice to Mrs. Wong

4   to preserve all evidence else face spoliation sanctions.  (Exhibit G at p.2, ¶ 1.)  Likewise, this evidence

5   does not eliminate Hard Drive's recent January 18, 2012 $3,000 settlement demand made to Mrs.

6   Wong.  Instead, the extrinsic evidence that Mrs. Wong submitted to the court shows that all of these

7   issues are still at issue between the parties.  Hard Drive's $3,000 settlement demand to Mrs. Wong is

8   the equivalent of the 3,000 pound elephant in the room that Hard Drive never mentions in its moving

9   papers.

10            c.      **An Actual Case and Controversy Would Still Exist between Mrs. Wong and
                      Hard Drive Even if it Promised Not to Sue Her**

11

12          Mrs. Wong anticipates that Hard Drive may argue that it will make a promise not to sue her or

13   that she is not liable to it for copyright infringement.  Should this occur, an actual controversy would

14   still exist given the totality of the facts presented in Mrs. Wong's first amended complaint, and Hard

15   Drive's own request for a declaration.

16          The Federal Circuit has previously held that a patent owner's statement that it had absolutely

17   no plans to sue the declaratory relief plaintiff did not eliminate nor moot the justiciable controversy

18   between the parties.  (SanDisk Corp. v. STMicroelectronics, Inc. (Fed. Cir. 2007) 480 F.3d 1372,

19   1382-1383.)  Instead, the court found that the patent owner's engagement in a **course of conduct**

20   showed its preparedness and willingness to enforce its patent rights despite such a promise.  (Id.)

21   Tellingly, the court held that the patent owner was "engaging in the kinds of '**extra-judicial patent**

22   **enforcement** with **scare-the-customer-and-run tactics**' that the Declaratory Judgment Act was

23   intended to obviate."  (Id., emphasis added.)

24          Hard Drive's conduct, to date, are no different than the SanDisk patent owner.  Mrs. Wong has

25   already presented evidence of Hard Drive's extra-judicial copyright enforcement in order to scare her

26   into settling.  (See section B.2.b. at 8:3-19.)  Undoubtedly, it is certain that Hard Drive has also

27   engaged in scare-the-customer-and-run tactics against all defendants that it has obtained personal

28   information for.  Given this evidence, Mrs. Wong has shown that an actual and justiciable controversy

1    exists between her and Hard Drive regarding the validity of its purported copyrighted work and Mrs.

2    Wong's claimed infringement.   As such, she respectfully requests the court to deny Hard Drive's

3    motion to dismiss in its entirety.

4              **d.      Hard Drive's First-Filed Action Argument is Meritless**

5                   **(1)      Hard Drive is Judicially Estopped from Arguing that Mrs. Wong's
                            Action is Duplicative of its Prior Filed Action Due to its Judicial
6                           Admissions that the Cases are Not Related**

7         Hard Drive previously filed its opposition to Mrs. Wong's administrative motion to consider

8    whether cases should be related in its prior action.   (Exhibit H.)   Specifically, Hard Drive represented

9    to the court that "the cases referenced in the Motion involve distinct factual matters and **different**

10   **defendants**…"   (Exhibit H at 1:27-2:1.)   Presumably based upon Hard Drive's opposition, the court

11   denied this administrative motion.   (Exhibit I at p.2.)

12        Hard Drive is now judicially stopped from contradiction its prior representation that its present

13   action and this action are now duplicative.   (Exhibit H at 1:27-2:1.)   The court should deny Hard

14   Drive's motion as it is clear that Hard Drive is trying to play "fast and loose with the courts."

15   (Rissetto, 94 F.3d at 601, citation omitted.)

16                 **(2)      Hard Drive Failed to Submit Binding Authority in Support of its
                            First-Filed Action Argument**
17

18        Hard Drive failed to cite to any binding authority[4] to support its argument that the court should

19   dismiss Mrs. Wong's action simply because Hard Drive filed its action first.   (Motion at 5:24-6:15.)

20   First, Hard Drive misquotes the holding, due to different case facts, of Serlin v. Arthur Andersen & Co.

21   (7th Cir. 1993) 3 F.3d 221, 223, which in turn cited to the Illinois district court case of Ridge Gold

22   Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc. (N.D. Ill. 1983) 572 F.Supp. 1210, 1213.   In

23   Serlin, plaintiff filed a complaint against specific defendants.   (Serlin, 3 F.3d at 223.)   To guard against

24   the possibility that the court would grant defendants' motion to dismiss, based on a three-year statute

25   of limitations bar, plaintiff filed a second complaint against the same defendants while his first action

26   ─────────────────

27   [4] "A decision of a federal district court judge is not binding precedent in either a different judicial
     district, the same judicial district, or even upon the same judge in a different case." (Camreta v.
     Greene (2011) 131 S.Ct. 2020, 2033, fn. 7.) Similarly, opinions of other circuit courts are not binding
28   in the Ninth Circuit. (Hart v. Massanari (2001) 266 F.3d 1155, 1172-1173.)

1    was still pending.  (<u>Id.</u>)  None of these facts are present here as Mrs. Wong has not filed two lawsuits
2    against Hard Drive.

3          Hard Drive's next citation to <u>Northwest Airlines, Inc. v. American Airlines, Inc.</u> (8th Cir. 1993)
4    989 F.2d 1002 is likewise inapposite.  In <u>Northwest Airlines, Inc.</u>, the court addressed the first-filed
5    rule as it pertains to "venue" when parallel litigation has been instituted in separate courts.  (Id., at
6    1006.)  Hard Drive's absurd reliance on this case is directly contrary to its position that venue is
7    improper here.  Indeed, Mrs. Wong is waiving the improper venue of this court so that it can be heard
8    in the district that Hard Drive has not objected to.  The final fatal defect of the <u>Northwest</u> case is that
9    the parties in Hard Drive's present action are not the same as the parties in Mrs. Wong's action—Hard
10   Drive has not named any defendants at all, and judicially admitted that the defendants are not the same.
11   (Exhibit H at 1:27-2:1.)  If Hard Drive's position now is that these cases are related, then it has an
12   adequate remedy—it can move to consolidate these disparate cases.  (See Fed. R. Civ. P. 42.)

13         Hard Drive's reliance upon <u>Martin v. Graybar Elec. Co.</u> (7th Cir. 1959) 266 F.2d 202, 204 fails
14   for the exact same reason as <u>Northwest Airlines, Inc.</u>—there is no identity of parties in Hard Drive's
15   present action and Mrs. Wong's action.  (Exhibit H at 1:27-2:1.)  As such, Mrs. Wong respectfully
16   requests the court to deny Hard Drive's motion to dismiss based on the first-filed action rule as it is
17   meritless.

18                    **III.    <u>CONCLUSION</u>**

19         Based on all the information stated herein, and in her supporting papers, Mrs. Wong
20   respectfully requests the court to deny Hard Drive's meritless motion to dismiss.

21   DATED: February 21, 2012
                              MURPHY, PEARSON, BRADLEY & FEENEY
22
23                                /s/ Steven W. Yuen
24   By _____
                              Steven W. Yuen
                              Attorneys for Plaintiff
25                            LIUXIA WONG

26   SWY.20365228.doc

27

28

# CERTIFICATE OF SERVICE

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On February 21, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF LIUXIA WONG'S OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S MOTION TO DISMISS**

|  |  |
|---|---|
|  | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|  | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|  | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|  | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                      Attorney For Defendant
Prenda Law Inc.                                   HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 21, 2012.

/s/ Shannon R. Young
By _____
Shannon R. Young